IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARMAL D. HOWARD,<br><br>    Petitioner,<br><br>  v.<br><br>DAVID L. RUNNELS,<br><br>    Respondent.<br>_____ | No. C 05-0500 MMC (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>(Docket No. 6) |

On February 2, 2005, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] After reviewing the petition, the Court ordered respondent to file an answer showing cause why the petition should not be granted based on petitioner's cognizable claims, or alternatively to file a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4"). Respondent chose the latter course, and has filed a motion to dismiss the petition as untimely. Although given an opportunity to do so, petitioner has not filed an opposition to respondent's motion.

## BACKGROUND

In 2002, in San Mateo County Superior Court, petitioner was convicted of one count of residential robbery and two counts of attempted robbery, and a firearms enhancement was found true. Based thereon, the trial court sentenced petitioner to state prison for a term of 18 years. On June 11, 2003, the California Court of Appeal affirmed and, on the same day,

---

[1] The original petition was unsigned and, as a consequence, was dismissed with leave to file a signed, amended petition. The amended petition was filed June 13, 2005, and is referenced in this order as the "petition."

denied a petition for a writ of habeas corpus filed by petitioner on June 3, 2003. On May 10, 2004, petitioner filed a second petition for a writ of habeas corpus in the California Court of Appeal, which petition was denied two days later, on May 12, 2004.

## DISCUSSION

A.  <u>Review in the California Supreme Court</u>

In his petition, petitioner states that he filed a petition for review on direct appeal, as well as a habeas petition, in the California Supreme Court, although he does not provide the date, case number or a copy of any such petition. In his motion to dismiss, respondent represents that a search of the records of the official websites of the California Supreme Court and California Court of Appeal, produces no record of any petition filed by petitioner in the California Supreme Court. In addition, respondent has attached to his motion printouts of the results of those searches. (<u>See</u> Resp. Exs. VIII-IX.) Rule 201 of the Federal Rules of Evidence authorizes the court to take judicial notice of facts "not subject to reasonable dispute." Such judicially noticeable facts include the records of state courts. <u>See</u> <u>Meredith v. Oregon</u>, 321 F.3d 807, 817 n.10 (9th Cir. 2003), <u>amended</u> 326 F.3d 1030 (9th Cir. 2003).[2] Petitioner has filed no response with respect to or in any manner challenged the results of respondent's search, which, as noted, show petitioner has filed no petitions in the California Supreme Court. Under such circumstances, the Court takes judicial notice of the records of the California Supreme Court and finds the absence of any petition filed by petitioner therein is a fact "not subject to reasonable dispute" within the meaning of Rule 201(b) of the Federal Rules of Evidence.`

B.  <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, petitions filed by prisoners

---

[2] In conducting an independent search of the records on the California Supreme Court's official website in an effort to locate any case filed in that court under petitioner's name, this Court received a message stating "Case not found."

2

challenging non-capital state convictions or sentences must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).[3]

Where, as here, a petitioner does not seek direct review by the state supreme court, the limitation period will begin running the day after the date on which the time to seek such review expires. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002).  In California, this is 40 days after the Court of Appeal filed its opinion.  See id. (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a).  In the instant case, as noted, the California Court of Appeal affirmed the judgment on direct review on June 11, 2003, and thus the time for seeking direct review in the California Supreme Court expired on July 21, 2003.  As a result, the limitations period commenced on July 22, 2003, and expired on July 22, 2004.  As noted, the initial unsigned petition was filed in federal court on February 2, 2005,[4] over six months later.  Consequently, absent tolling, the instant petition is untimely.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  See 28 U.S.C. § 2244(d)(2).  In the instant case, petitioner filed his first state habeas petition in the California Court of Appeal on June 3, 2003, which petition was denied on June 11, 2003.  As the limitations period had not yet commenced, however, that petition did not toll the limitations period.  Petitioner's second state habeas petition was filed in the California Court of Appeal on May 10, 2004, and denied two days thereafter.  The limitations period was tolled for those three days, but that amount of tolling is well short of the more than six months of tolling necessary to render the instant petition

---

[3] In rare instances, not presented by the instant petition, the limitations period may run from a date later than the date on which the judgment became final. See 28 U.S.C. § 2244(d)(1)(B)-(D).

[4] A pro se federal habeas petition is subject to the "mailbox rule" set forth in Houston v. Lack, 487 U.S. 266, 276 (1988), under which the petition is deemed filed on the date it is delivered to prison authorities for mailing.  See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).  Here, petitioner has not indicated when, or even if, he delivered his petition to prison authorities for mailing, and the Court will not assume he did so on a date more than six months before it was received and filed by the Clerk of the Court.

timely. Although, in some circumstances, tolling is available during the interstitial period between state habeas petitions, see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), such tolling is not available here. In Nino, the Ninth Circuit provided for tolling "during the intervals between the state court's disposition of a state habeas petition and the filing of a petition at the next state appellate level." See id. at 1005 (emphasis added). As petitioner's second state habeas petition was filed at the same appellate level as his first state habeas petition, the tolling recognized in Nino does not apply to the period between his two state petitions. See Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (holding tolling unavailable for period between successive state habeas petitions filed in state's highest court).[5]

In sum, the petition was filed over six months after the limitations period set forth in AEDPA had expired. The limitations period was tolled briefly for three days during the pendency of petitioner's habeas petition in the California Court of Appeal, a period of time too short to render the petition timely. Accordingly, the petition will be dismissed.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED and the petition for a writ of habeas corpus is DISMISSED.

This order terminates Docket No. 6.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: March 17, 2006

_____
MAXINE M. CHESNEY
United States District Judge

---

[5] Petitioner does not assert he is entitled to equitable tolling, and no ground for such tolling is apparent from the papers filed herein.

4